## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

CLARICE IVY                                                      **PLAINTIFF**

V.                                              CIVIL ACTION NO. 3:10CV024-A-A

OXFORD MUNICIPAL SEPARATE
SCHOOL DISTRICT                                                 **DEFENDANT**

### MEMORANDUM OPINION

Before the Court is Defendant Oxford Municipal Separate School District's Motion for Summary Judgment [46]. After reviewing the motion, response, rules, and authorities, the Court finds as follows:

### BACKGROUND

Plaintiff, an African-American female, applied for employment with the Defendant on January 18, 2008. When Plaintiff applied for employment, she expressed interest in an administrative position. However, she also noted that she "would gladly accept a teaching position, if offered." The Defendant hired and employed the Plaintiff as a fourth-grade teacher at Della Davidson Elementary School for the 2008-2009 school year. Subsequent to this employment, Plaintiff applied for three positions with the Defendant: (1) Intervention Coordinator, (2) Behavior Specialist, and (3) Assistant Principal. Plaintiff was not hired for any of these three positions. Instead, at the end of Plaintiff's first year of employment, the Defendant notified her that it would not renew her contract for the 2009-2010 school year. Plaintiff was informed that, if she would prefer to resign instead of receive a notice of nonrenewal, she should write a letter to the superintendent tendering her resignation. Plaintiff resigned by letter on May 19, 2009.

On April 16, 2010, Plaintiff filed suit alleging racial discrimination in violation of Title VII, 42 U.S.C. Section 2000e *et seq.*, 42 U.S.C. Sections 1981 and 1983, and the Equal Protection Clause of the Fourteenth Amendment. Specifically, Plaintiff asserts that she was racially discriminated against when (1) she was not offered an administrative position at the school, and (2) her employment contract was not renewed. On May 26, 2011, the Defendant filed a Motion for Summary Judgment [46], arguing that it is entitled to judgment as a matter of law as to all of Plaintiff's claims.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323.  The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (citation omitted).  In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little v. Liquid Air Corp., 37

F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). However, conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. <u>TIG Ins. Co. v. Sedgwick James of Wash.</u>, 276 F.3d 754, 759 (5th Cir. 2002); <u>SEC v. Recile</u>, 10 F.3d 1093, 1097 (5th Cir. 1997); <u>Little</u>, 37 F.3d at 1075.

## <u>ANALYSIS AND DISCUSSION</u>

***Title VII and Section 1981 Claims***[1]

Under Title VII, it is "an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).  In her Complaint, Plaintiff alleges that she was discriminated against based on her race.  Plaintiff seeks to prove her case circumstantially; thus, the Court turns to the standards set forth by the United States Supreme Court in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).

Under the <u>McDonnell Douglas</u> standard, Plaintiff must first establish a prima facie case of discrimination by establishing that she was (1) a member of a protected group; (2)

---

[1] "Claims of racial discrimination brought under § 1981 are governed by the same evidentiary framework applicable to claims of employment discrimination brought under Title VII." <u>Defenbaugh-Williams v. Wal-Mart Stores, Inc.</u>, 156 F.3d 581, 587 (5th Cir. 1998) (quoting <u>LaPierre v. Benson Nissan, Inc.</u>, 86 F.3d 444, 448 n.2 (5th Cir. 1996)).

qualified for the position she held; (3) that she suffered an adverse employment decision; and (4) either replaced by someone outside the protected group or treated less favorably than employees not in the protected group. Okoye v. Univ. of Tex. Houston Health Sci. Ctr., 245 F.3d 507, 513 (5th Cir. 2001). Proof of disparate treatment can establish the fourth element of the plaintiff's prima facie case. See Bryant v. Compass Group USA Inc., 413 F.3d 471, 478 (5th Cir. 2005).

Once a plaintiff has made her prima facie case, the defendant then has the burden of producing a legitimate, nondiscriminatory motive for the adverse employment action. Parker v. State of La. Dep't of Educ. Special Sch. Dist., 323 F. App'x 321, 327 (5th Cir. 2009). The defendant's burden at this stage is merely one of production-not persuasion. Id.

If the defendant can articulate a reason that, if believed, would support a finding that the action was nondiscriminatory, then the inference of discrimination created by the plaintiff's prima facie case disappears, and the factfinder must decide the ultimate question of whether the plaintiff has proven intentional discrimination. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 511-12, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993). The plaintiff must present substantial evidence that the employer's proffered reason is a pretext for discrimination. Laxton v. Gap, Inc., 333 F.3d 572, 578 (5th Cir. 2003). To show pretext on summary judgment, "the plaintiff must substantiate his claim of pretext through evidence demonstrating that discrimination lay at the heart of the employer's decision." Price v. Fed. Express Corp., 283 F.3d 715, 720 (5th Cir. 2002).

Pretext may be established "either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or 'unworthy of credence.'"

Laxton, 333 F.3d at 578 (quoting Reeves, 530 U.S. at 143, 120 S. Ct. 2097). "To raise an inference of discrimination, the plaintiff may compare his treatment to that of nearly identical, similarly situated individuals." Bryant v. Compass Group USA Inc., 413 F.3d 471, 478 (5th Cir. 2005). To establish disparate treatment, however, a plaintiff must show that the employer gave preferential treatment to another employee under "nearly identical" circumstances." Id. Alternatively, "[a]n explanation is false or unworthy of credence if it is not the real reason for the adverse employment action." Laxton, 333 F.3d at 578.

In contrast, the Fifth Circuit has modified the McDonnell Douglas formulation to permit proof that discrimination was one motivating factor among others for an adverse employment action. See generally Rachid v. Jack in the Box, Inc., 376 F.3d 305 (5th Cir. 2004). At one time, the Fifth Circuit required that a plaintiff present direct evidence of discrimination in order to receive the benefit of a mixed-motive analysis. See Fierros v. Tex. Dep't of Health, 274 F.3d 187, 191 (5th Cir. 2001). However, the Supreme Court in Desert Palace, Inc. v. Costa held that Congress's failure to require a heightened burden of proof suggested that courts should not depart from the general rule of civil litigation that "requires a plaintiff to prove his case 'by a preponderance of the evidence,' using 'direct or circumstantial evidence.'" 539 U.S. 90, 99, 123 S. Ct. 2148, 156 L. Ed. 2d 84 (2003) (quoting Postal Service Bd. of Governors v. Aikens, 460 U.S. 711, 714 n. 3, 103 S. Ct. 1478, 75 L. Ed. 2d 403 (1983)). Therefore, a plaintiff asserting a Title VII discrimination claim may utilize the mixed-motive analysis whether she has presented direct or circumstantial evidence of discrimination. Id. at 101, 123 S. Ct. 2148; Smith v. Xerox Corp., 602 F.3d 320, 327-28 (5th Cir. 2010).

*Prima Facie Case*

The Defendant asserts that Plaintiff has failed to prove a prima facie case of race discrimination. As noted, in order to meet her prima facie case, Plaintiff must show (1) that she is a member of a protected group; (2) that she was qualified for the position she held; (3) that she suffered an adverse employment decision; and (4) that she was either replaced by someone outside the protected group or treated less favorably than employees not in the protected group. Okoye, 245 F.3d at 513. Plaintiff alleges that she was racially discriminated against on two different occasions: (1) when she was not offered an administrative position, and (2) when her contract was not renewed. It is undisputed that Plaintiff, as an African-American, is a member of a protected class and that she suffered an adverse employment action. Further, the Defendant concedes that Plaintiff was replaced by one or more Caucasian teachers.

The Defendant, however, asserts that Plaintiff cannot establish that she was qualified for her position. Specifically, Defendant argues that Plaintiff's prima facie case fails due to her poor performance evaluations. While the Defendant has presented several documents demonstrating assessments of Plaintiff's work, the Fifth Circuit had held that "a plaintiff challenging h[er] termination or demotion can ordinarily establish a prima facie case of . . . discrimination by showing that [she] continued to possess the necessary qualifications for [her] job at the time of the adverse action. The lines of battle may then be drawn over the employer's articulated reason for its action and whether that reason is pretext for discrimination." Bienkowski v. American Airlines, Inc., 851 F.2d 1503, 1505-06 (5th Cir. 1988). To "establish a prima facie case, a plaintiff need only make a very minimal showing."

See Nichols v. Loral Vought Sys. Corp., 81 F.3d 38, 41 (5th Cir. 1996) (quoting Thornbrough v. Columbus and Greenville R. Co., 760 F.2d 633, 639 (5th Cir. 1985)).  Plaintiff was initially minimally "qualified" for the job as an elementary school teacher, and her alleged poor performance does not necessarily strip away her underlying qualifications. In other words, there is a difference between "qualifications" and "performance" – a difference between possessing the minimal qualifications necessary for the job and utilizing those minimal qualifications to perform in manner that the employer deems satisfactory.  As such, considering the "minimal" standard needed to establish a prima facie case and recognizing that Defendant's arguments can be properly evaluated in later steps of the analysis, the Court accepts, *arguendo*, that Plaintiff has met her initial burden of presenting a prima facie case.

*Legitimate, Non-Discriminatory Reason*

Once a plaintiff has made a prima facie case of discrimination, the burden then shifts to the defendant to articulate a legitimate, non-discriminatory reason for its employment decision.  Here, Defendant asserts that the Plaintiff failed to perform her job responsibilities in a satisfactory manner according to her direct supervisor and other administrators charged with observing her job performance. This articulated reason satisfies Defendant's burden of production.

*Pretext / Mixed Motive*

As noted above, the Fifth Circuit in Rachid v. Jack in the Box, Incorporated set forth a new framework for pretext/mixed-motive cases at the summary judgment stage.  That is, the court announced a "modified McDonnell Douglas approach" for the summary judgment

framework in mixed-motive cases. 376 F.3d at 312.[2]  Like <u>McDonnell Douglas</u>, the Fifth

Circuit's mixed-motive analysis has three steps. The first two steps in this mixed-motive

approach, prima facie case and legitimate, nondiscriminatory reason, are identical to the

traditional <u>McDonnell Douglas</u> pretext analysis.  However, in the final step, the <u>Rachid</u> court

held that "the plaintiff must . . . offer sufficient evidence to create a genuine issue of material

fact either (1) that the defendant's reason is not true, but is instead pretext for discrimination

(pretext alternative) or (2) that the defendant's reason, while true, is only one of the reasons

for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic." <u>Id.</u>

(citations omitted).

In this case, Plaintiff has failed to present evidence of either pretext or mixed motive.[3]

As to Plaintiff's claim that she was discriminated against when not hired for an administrative

position, Plaintiff conceded that, when she applied for employment with the Defendant, she

specifically stated that she "would gladly accept a teaching position, if offered." While

Plaintiff applied for the three positions subsequent to her employment as a teacher –

Intervention Coordinator, Behavior Specialist, and Assistant Principal – the only one of these

---

[2] The "modified <u>McDonnell Douglas</u>" framework appears to be unique to the Fifth Circuit.  That is, since <u>Desert Palace</u>, the circuit courts have developed widely differing approaches to the question of how to analyze summary judgment challenges in Title VII mixed-motive cases.  <u>See</u> <u>White v. Baxter Healthcare Corp</u>, 533 F.3d 381, 398-99 (6th Cir. 2008) (critically evaluating how various circuits apply the mixed-motive framework).

[3] Plaintiff, who is now proceeding pro se, did not discuss or mention the mixed-motive theory. While, in the Fifth Circuit, it appears to be incumbent upon a plaintiff to actually raise mixed-motive arguments in order to have them considered at the summary-judgment stage, <u>see</u> <u>Strong v. Univ. HealthCare Sys., L.L.C.</u>, 482 F.3d 802, 805 (5th Cir. 2007); <u>Jones v. Overnite Transp. Co.</u>, 212 F. App'x 268, 276 n.2 (5th Cir. 2006); <u>Septimus v. Univ. of Houston,</u> 399 F.3d 601, 607 n.7 (5th Cir. 2005); <u>Vaughner v. Pulito</u>, 804 F.2d 873, 877 n.2 (5th Cir. 1986), the Court here discusses pretext *and* mixed motive given Plaintiff's pro se status.

positions that is "administrative" is the Assistant Principal position. Plaintiff's Complaint asserts that "it is likely that the person hired [into the administrative position] did not have Plaintiff's qualifications." However, Plaintiff conceded in her deposition that she not only does not know who was ultimately hired for each of the three positions, but she also has no knowledge as to what qualifications those individuals obtained. Although Plaintiff may subjectively believe that she should have been offered an administrative position within the school district, her subjective belief cannot alone establish that racial animus was either pretext for or a motivating factor in the Defendant's employment decision. See Ward v. Midwestern State Univ., 217 F. App'x 325, 329 (5th Cir. 2007) (holding that a college professor failed to show he was better qualified than others because he "fail[ed] to refer th[e] court to any particularized evidence to support his subjective view," instead presenting as evidence only his own deposition, which the court found to be "mere speculation"); Strong v. Univ. Healthcare Sys., L.L.C., 482 F.3d 802, 807 (5th Cir. 2007) (finding that the plaintiff had not demonstrated she was treated more harshly than other employees and commenting on the fact that the plaintiff's claim was "supported solely by her own self-serving affidavit"); Byers v. Dallas Morning News, Inc., 209 F.3d 419, 427 (5th Cir. 2000) (refusing to rely upon a plaintiff's subjective belief as to discriminatory intent).

Plaintiff also fails to produce evidence that race discrimination was either pretext for or a motivating factor in the Defendant's decision to not renew her contract. In Plaintiff's brief, she asserts that "you will find that the defendant alleges that I had poor classroom management skills. To the contrary, you will find quite the opposite as reported by every individual that evaluated or observed my classroom management skills during their time in

my classroom . . . ." Despite this assertion, Plaintiff has presented *no* competent evidence of satisfactory classroom assessments. The Defendant, on the other hand, presented tangible evidence of poor classroom evaluations. Dr. Martha McLarty, the Principal of Della Davidson Elementary School, found Plaintiff to be deficient in, inter alia, preparing lesson plans, following school district grading practices, and assigning appropriate reading materials. The associate principal, Ruby Darbandi, likewise expressed concerns regarding Plaintiff's lesson plans and the pacing of her instruction. While Plaintiff may subjectively believe that she should have been given positive evaluations, the Fifth Circuit has determined that such subjective beliefs, no matter how genuine, are not enough to withstand summary judgment. See Ross v. Univ. of Tex. at San Antonio, 139 F.3d 521, 526-27 (5th Cir. 1998) (holding that the plaintiff's generalized statements about relative qualifications or treatment of similarly situated employees is insufficient to defeat summary judgment); Nichols v. Loral Vought Sys. Corp., 81 F.3d 38, 42 (5th Cir. 1996) (same); Elliott v. Group Med. & Surgical Serv., 714 F.2d 556, 564 (5th Cir. 1983) (noting that the Fifth Circuit is "not prepared to hold that a subjective belief of discrimination, however genuine, can be the basis of judicial relief."). Further, "[o]ur job as a reviewing court conducting a pretext analysis is not to engage in second-guessing of an employer's business decision." LaMaire v. La. Dep't of Transp. & Dev., 480 F.3d 383, 391 (5th Cir. 2007).

Next, Plaintiff apparently attempts to show pretext through the use of statistics. Plaintiff asserts that she "was one (1) of only 26 [African-American] teachers" and that "in each grade 3, 4, and 5, there was only one (1) black teacher in each of the three (3) grade levels mentioned." Statistical evidence may be used in a disparate treatment case "to show

that an employer's justification for a discriminatory act is pretext." Plemer v. Parsons-Gilbane, 713 F.2d 1127, 1137 (5th Cir. 1983). However, the Supreme Court has made clear that "[t]he probative value of statistical evidence ultimately depends on all the surrounding facts, circumstances, and other evidence of discrimination." Int'l Bd. of Teamsters v. United States, 431 U.S. 324, 340, 97 S. Ct. 1843, 52 L. Ed. 2d 396 (1977). Here, Plaintiff does not provide any "other evidence" of racial discrimination. Instead, Plaintiff again offers only a subjective belief that she was discriminated against. For example, in Plaintiff's deposition she was asked questions concerning any tangible evidence she may have of discrimination. She responded: "It's clearly evident. There are so few . . . [African Americans] in teaching positions." However, Plaintiff then goes on to cut against her racial discrimination claim, stating that she believes "[her] age had a lot to do with th[e] decision."[4] Further, Plaintiff stated that she "can only believe that [her nonrenewal] had something to do with [her] level of intelligence, as [she] was once told [ ] that [she] was too intellectual to teach fourth grade." Belief of discrimination based on age and/or intelligence does not demonstrate *racial* animus.

Given that Plaintiff has presented only unsubstantiated and conclusory allegations of race discrimination, her statement that Defendant employs a low number of African Americans does not in itself show pretext. See Deloach v. Delchamps, Inc., 897 F.2d 815, 818-20 (5th Cir. 1990) (only when coupled with other evidence contradicting employer's reason was statistical evidence probative of pretext). In other words, while statistical evidence could be relevant in this case, bare allegations and numbers alone without more context provided are not sufficient. See Ward, 217 F. App'x at 329 (finding that plaintiff's

_____

[4] Plaintiff's Complaint did not state a claim, and Plaintiff has not proven a claim, of age discrimination under the ADEA.

allegations that there were only four African-American faculty out of approximately 500 faculty members and that another African-American faculty member was denied tenure failed to establish pretext, as the plaintiff "fail[ed] to present any particularized evidence to support the[] allegations"); Baker v. Randstad North America, L.P., 151 F. App'x 314, 320 (5th Cir. 2005) (finding that "it is extraordinarily rare that raw numbers can insulate a plaintiff from summary judgment"); E.E.O.C. v. Tex. Instruments, Inc., 100 F.3d 1173, 1185-86 (5th Cir. 1996) (affirming the district court's order granting summary judgment to the employer and rejecting the plaintiff's contention that statistical evidence was probative of pretext).

In the end, Plaintiff simply offers no evidence to substantiate her allegation of discrimination. The Fifth Circuit has "recognized that generalized testimony by an employee regarding [her] subjective belief that [her] discharge was the result of . . . discrimination is insufficient to make an issue for the jury in the face of proof showing an adequate, nondiscriminatory reason for [her] discharge." Elliott, 714 F.2d at 564. For these reasons, the Court finds that the Plaintiff's evidence is not "so persuasive as to support an inference that the reason [for Plaintiff's nonrenewal] was discrimination." Rubinstein v. Adm'rs of the Tulane Educ. Fund, 218 F.3d 392, 400 (5th Cir. 2000). Therefore, Defendant's Motion for Summary Judgment is granted as to Plaintiff's Title VII and Section 1981 claims of racial discrimination.

***Equal Protection Claim***

"[T]o state a claim of racial discrimination under the Equal Protection Clause and § 1983, a plaintiff must demonstrate that the governmental official was motivated by intentional discrimination on the basis of race." Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 533

(5th Cir. 1997) (citing <u>Washington v. Davis</u>, 426 U.S. 229, 240-42, 96 S. Ct. 2040, 48 L. Ed. 2d 597 (1976); <u>Vera v. Tue</u>, 73 F.3d 604, 609 (5th Cir. 1996)). Since the Court has already concluded that Plaintiff's unsupported allegations cannot prove a claim of race discrimination under Title VII or Section 1981, Plaintiff's Equal Protection claim must necessarily also fail. Vague and conclusory allegations of racial discrimination are insufficient to state a cognizable claim under the Equal Protection Clause. <u>See</u> <u>McKnight v. Eason</u>, 227 F. App'x 356, 356 (5th Cir. 2007). Accordingly, Defendant's Motion for Summary Judgment is granted as to Plaintiff's claim of racial discrimination under the Equal Protection Clause of the Fourteenth Amendment.

**CONCLUSION**

For the reasons stated above, Defendant's Motion for Summary Judgment is GRANTED in its entirety.


So ordered on this, the __29th__ day of June, 2011.


**/s/   Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**